UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

  v.                5:02-CR-51 (HGM)

**ALEXANDER SALVAGNO, RAUL SALVAGNO,
and AAR CONTRACTOR, INC.,**

      Defendants.

---

**APPEARANCES:**             **OF COUNSEL:**

**FOR THE UNITED STATES:**

HON. GLENN T. SUDDABY         CRAIG A. BENEDICT
United States Attorney           Assistant United States Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**FOR DEFENDANTS:**

LITMAN, ASCHE & GIOIELLA, LLP     RICHARD M. ASCHE, ESQ.
45 Broadway Atrium           RUSSELL M. GIOIELLA, ESQ.
New York, New York 10006

**HOWARD G. MUNSON
Senior United States District Judge**

### MEMORANDUM-DECISION AND ORDER

  Currently before the court is the Second Circuit Court of Appeals' Mandate remanding the case for further proceedings in accordance with <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005). Dkt. No. 512, Mandate. Shortly after the Second Circuit issued its mandate, the court ordered the parties to submit their views in writing as to whether the court should resentence Defendants in light of the currently applicable statutory requirements as explicated in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and <u>Crosby</u>. Since the court's

Order, the Second Circuit has further explained its decisions in Crosby and United States v. Fagans, 406 F.3d 138 (2d Cir. 2005), and it is clear to the court that it must vacate the sentences of Defendants Alexander Salvagno and Raul Salvagno and resentence them in conformity with Crosby and Fagans.

## BACKGROUND

The court assumes familiarity with its prior related opinions and with the extensive facts related to the underlying criminal convictions and sentences. For purposes of this opinion, the court summarizes the relevant procedural history.

### A.   Presentence

In anticipation of the court's imposition of their sentences, Defendants submitted a joint sentencing memorandum in which they referenced familiar language from Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), objecting to any enhancements which were premised on factual findings which were not made by the jury beyond a reasonable doubt. At the time, Defendants noted that the Supreme Court currently had *sub judice* two cases, Booker and United States v. Fanfan, which were to determine whether the Court (as opposed to a jury) can constitutionally make any factual findings resulting in enhancements beyond the base offense levels. Defendants also argued that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), required the court to impose far more lenient sentences for them than the information contained in their Presentence Reports ("PSR") suggested. *See* Dkt. No. 395, Defs.' Sentencing Mem. at 2.

### B.   Sentencing Hearing

At sentencing, Defendants challenged their PSRs on numerous grounds, including the Supreme Court's holding in Blakely. Defendants argued that in light of Blakely, the court need not

2

accept certain evidence "because the jury didn't decide it beyond a reasonable doubt . . . ." Dkt. No. 443, Sentencing Hr'g at 23. The court too was aware of Blakely's potential implications and in the post-Blakely, pre-Booker setting imposed sentences in accordance with the United States Sentencing Guidelines ("Guidelines") and the Second Circuit's decision in United States v. Mincey, 380 F.3d 102 (2d Cir. 2004) (requiring courts to continue fully apply the Guidelines until the Supreme Court holds otherwise), as well as alternative sentences. The court explained that in the event that the Guidelines were found unconstitutional, it was relying on its sentencing authority under 18 U.S.C. § 3553(b), and imposed the same sentences in all other respects. *See* Dkt. No. 444, Sentencing Hr'g at 156-60, 167-70. Defendants objected to the court's imposition of alternative sentences, arguing that the Guidelines had "poisoned everything" in the case and that they had "never argued without the Guidelines hanging over everyone's head." Id. at 171-72.

C.   *Post-Sentence*

Defendants appealed their judgments of conviction and sentences, *see* Dkt. No. 401, Not. of Appeal, and the Government cross-appealed the judgment moving to remand the case to determine whether to resentence Defendants. *See* Dkt. No. 420, Not. of Appeal. Citing Booker and Crosby, the Second Circuit granted the Government's motion to remand and directed the court to proceed "in conformity with Crosby." Dkt. No. 512, Mandate. The Second Circuit's opinion issued as a Mandate on May 25, 2005, and was filed with the court on June 2, 2005. Id. Previously, Defendants' counsel had submitted a letter dated May 26, 2005, which noted that Defendants had preserved their Booker objections at the time of sentencing and therefore requested that the court resentence Defendants in accordance with United States v. Fagans, 406 F.3d 138 (2d Cir. 2005). The Government soon joined in defense counsel's request concluding in a letter dated May 31, 2005, that Fagans required the court to resentence Defendants. The court resisted the parties' request and

3

directed them to submit their views in writing as to whether the court should resentence Defendants in light of the currently applicable statutory requirements as explicated in Booker and Crosby. See Dkt. No. 518, Order. For the reasons that follow, the court now agrees with the parties' position that it must resentence Defendants.

## DISCUSSION

In Fagans, the defendant pled guilty, pursuant to a plea agreement, to possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). The PSR assigned the defendant a total offense level of 13 and a Criminal History Category of IV, yielding a Guidelines range of 24-30 months' imprisonment. Prior to sentencing, Fagans submitted a sentencing memorandum objecting to the PSR's recommended sentence and arguing that the Court's decision in Blakely rendered the mandatory application of the Guidelines unconstitutional. At sentencing, Fagans renewed his Blakely objections but was sentenced in accordance with the Guidelines. In addressing Fagans' appeal, the Second Circuit explained that Booker applies only to cases pending on direct review and that because Fagans had "objected, prior to sentencing, to the compulsory application of the Guidelines, he ha[d] preserved the error." Fagans, 406 F.2d at 140-41. The Second Circuit determined that the procedure set forth in Crosby for applying plain-error analysis was inapplicable. As a result of the preserved error, the Second Circuit remanded the case and directed the district court to vacate the sentence and resentence in conformity with its opinion and Booker. Id. at 142.

The Second Circuit further clarified this sentencing posture in United States v. Lake, 419 F.3d 111 (2d Cir. 2005), addressing whether a sentencing judge's error in mandatorily applying the Guidelines prior to the Supreme Court's decision in Booker is harmless. The Second Circuit reasoned that because Lake preserved for appeal his objection to the mandatory use of the Guidelines and because the Government had not sustained its burden of proving that the Booker sentencing error

was harmless, remand for resentencing was appropriate. Lake, 419 F.3d at 112. Lake pled guilty to various drug-related charges and a PSR was prepared. Lake objected, on Sixth Amendment grounds, to any enhancement of his sentence based on facts not found by a jury, relying on Apprendi, and the argument presented to the Supreme Court in Blakely, which was then pending. Id. at 113. Lake received a sentence "based solely on the facts to which he allocuted . . . ." Id. The Second Circuit held that "[b]ecause Lake properly preserved for appellate review his Sixth Amendment objection to Guidelines enhancements based on judicial fact-finding, he is entitled to resentencing." Id. (citing Fagans, 406 F.3d at 142). The Second Circuit explained that in deciding Crosby, it "had no occasion to rule on the application of the harmless error doctrine to review of a preserved sentencing error." Id. at 113 n.2. The Second Circuit further explained that in Fagans, it

> considered a preserved error in a pre-Booker sentence and concluded that the error–the mandatory use of the Guidelines–had not been shown to be harmless and remanded for resentencing rather than order a Crosby remand for determination of whether, absent the error, a non-trivially different sentence would have been imposed (citation omitted). Fagans thus abrogated the dictum in Crosby that had indicated that a Crosby remand would be appropriate for application of the harmless error doctrine as well as the plain error doctrine.

Id. In describing the incongruity between sentences imposed pre- versus post-Booker, the Second Circuit made the following observations:

> the fact that a judge selects a sentence *within* a guideline range that the judge thought he was required to apply does not necessarily mean that the same sentence would have been imposed had the judge understood the Guidelines as a whole to be advisory. The applicable guideline range provides the frame of reference against which the judge chooses an appropriate sentence . . . [A]lthough even before Booker, a sentencing judge was obliged to consider all the factors set forth in 18 U.S.C. § 3553(a), the required use of one of those factors–the Guidelines, *see id.* § 3553(a)(4)–rendered of "uncertain import" the significance of the other factors. (citation omitted). Now, without the mandatory duty to apply the Guidelines, consideration of the other section 3553(a) factors "acquires renewed significance," (citation omitted), and might result in a different sentence . . . [Moreover], absent the strictures of the Guidelines, counsel would have had the opportunity to urge consideration of circumstances that were prohibited as grounds for a departure. *See* U.S.S.G. § 5K2.0(d).

5

Lake, 419 F.3d at 114.

Similarly, in United States v. Fuller, 426 F.3d 556 (2d Cir. 2005), the Second Circuit addressed a sentence imposed after the Supreme Court decided Blakely but prior to either Mincey, Booker, or Crosby. Fuller appealed his sentence and argued that notwithstanding the District Court's issuance of an "alternative" non-Guidelines sentence, the District Court's sentence did not conform to the requirements of Booker. Fuller further argued that because he properly preserved an objection to this error and because this error was not harmless, the Second Circuit should vacate the District Court's sentence and remand for resentencing in accordance with Fagans. Fuller, 426 F.3d at 559. The Second Circuit considered whether the District Court's imposition of an alternative sentence–that is, the District Court's decision to impose the same sentence regardless of whether the Guidelines were binding or not–during the period after Blakely but before Booker was error in light of the subsequent teachings of the Supreme Court and its related jurisprudence, and if so, whether such error was harmless. Id. at 557-58. The Second Circuit held that: "(1) the District Court erred when sentencing Fuller; (2) Fuller preserved the error by raising a Sixth Amendment objection prior to his sentencing; and (3) the District Court's error was not harmless." Fuller, 426 F.3d at 558. The Second Circuit remanded the case to the District Court with instructions to vacate Fuller's sentence and resentence him in conformity with its opinion in United States v. Fagans, 406 F.3d 138 (2d Cir.2005). Id.

The Second Circuit "explained that pre-Booker sentences, regardless of their length, would 'not be found reasonable' if (1) 'a sentencing judge committed a procedural error by selecting a sentence in violation of applicable [post-Booker] law' and (2) 'that error is not harmless and is properly preserved.'" Fuller, 426 F.3d at 560 (quoting Crosby, 397 F.3d 114). With respect to the procedural error prong, the Second Circuit held that "a sentencing judge would commit a statutory

6

error in violation of [18 U.S.C.] section 3553(a) if the judge failed to 'consider' the applicable Guidelines range . . . as well as other factors listed in section 3553(a), and instead simply selected what the judge deemed an appropriate sentence without such required consideration." Crosby, 397 F.3d at 115.

The Fuller panel held that because the District Court imposed its alternative non-Guidelines sentence based upon a faulty assumption–that the Guidelines "'don't exist at all'–and thereby acted on a proverbial blank slate without explicitly considering all the factors listed in 18 U.S.C. § 3553(a), including the Guidelines, see 18 U.S.C. § 3553(a)(4)(A) . . . , the District Court erred in formulating Fuller's sentence." Fuller, 426 F.3d at 560. The Second Circuit explained that "[b]y raising a Blakely objection to the compulsory application of the . . . Guidelines prior to sentencing, Fuller preserved the error" and that "'the procedure for applying plain-error analysis that we set forth in Crosby is inapplicable.'" Id. at 561 (quoting Fagans, 406 F.3d at 140-41). In light of the preserved error, the Second Circuit considered whether to affirm, "'if the Government has shown the error to be harmless, or remand for resentencing, if such a showing has not been made.'" Id. at 561 (quoting Lake, 419 F.3d at 113 n. 2.

In Crosby, the Second Circuit "specifically considered and rejected the possibility, albeit in considered dicta, that sentencing in the alternative prior to Booker would be harmless error." Id. The Second Circuit concluded "even if a judge, prior to Booker[ ], indicated an alternative sentence that would have been imposed if compliance with the Guidelines were not required, that alternative sentence is not necessarily the same one that the judge would have imposed in compliance with the duty to consider all of the factors listed in section 3553(a)." Crosby, 397 F.3d at 118. The Second Circuit further observed that "such an alternative sentence is not necessarily the same one that the judge would have imposed after presentation by the Government of aggravating circumstances or

by the defendant of mitigating circumstances that existed at the time but were not available for consideration under the mandatory Guidelines regime." Crosby, 397 F.3d at 118. In Fuller, the Second Circuit fully adopted its Crosby dicta and held that "the District Court's method of sentencing in the alternative–between the time of the Supreme Court's landmark decisions in Blakely and Booker . . . was not harmless error." Fuller, 426 F.3d at 561.

The court has reviewed the parties' submissions in response to the court's order directing them to submit their views in writing as to whether the court should resentence Defendants in light of the currently applicable statutory requirements as explicated in Booker and Crosby. The court finds that the parties' submissions adequately address the issues the court must consider in resentencing Defendants and at this time requests no further submissions to this end.

## CONCLUSION

**WHEREFORE,** after careful consideration of the file in this matter including the parties' submissions, pertinent portions of the record, and the applicable law as detailed above, the court will vacate Alexander Salvagno's and Raul Salvagno's sentences and will resentence them on March 16, 2006, at 2:00 p.m. The Government is instructed to make the necessary arrangements so that Defendants will be writted down in time to be present on that day.

**IT IS SO ORDERED.**

Dated: January 17, 2006
Syracuse, New York

_____
HOWARD G. MUNSON
SENIOR UNITED STATES DISTRICT JUDGE

8