UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    -against-                                              5:02-CR-0051 (LEK)

ALEXANDER SALVAGNO,
RAUL SALVAGNO,

                      Defendants.

## DECISION AND ORDER

Presently before the Court are Motions filed by Defendants Alexander Salvagno and Raul Salvagno ("A. Salvagno" and "R. Salvagno" or collectively, "Defendants"), proceeding *pro se* and seeking various forms of relief. A. Salvagno Motion (Dkt. No. 800); R. Salvagno Motion (Dkt. No. 801). Defendants request reconsideration of this Court's Orders, dated September 4, 2008 (A. Salvagno, Dkt. No. 790) and September 10, 2008 (R. Salvagno, Dkt. No. 792) denying the Defendants' respective Motions for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1). Defendants also move for relief under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 2241. Finally, Defendants also request the Court to certify the issues raised in their Motions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Since Defendants' submissions are almost identical, they will be analyzed together.[1] For the reasons described below, the Defendants' Motions are denied.

---

[1] Raul Salvagno's Memorandum of Law in support of his Motion (Dkt. No. 801, Attach. 1) includes approximately one page of material not found in Alexander Salvagno's Memoradum. In addition, there are other minor variations in the Defendants' respective Memoranda. The Court has considered these differences in deciding the present Motions, and concludes that both Defendants' Motions must be denied for the reasons described herein.

I.      RECONSIDERATION

The standard for granting a motion for reconsideration is strict. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Possible grounds upon which a motion for reconsideration may be granted include "(1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (citations omitted).

In their Motions, Defendants largely reiterate, in greater detail, arguments already presented to the Court in Defendants' previous Motions for release pending appeal–namely, that their trial attorneys had a conflict of interest with Defendants based on alleged wrongful conduct committed by their attorneys in the course of the criminal proceedings, including the attorneys' repeated failures to turn over documents required by a grand jury subpoena and other improper acts whereby their attorneys impeded the Defendants' case. However, a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Schrader, 70 F.3d at 257. The Court, in its previous Orders, already considered Defendants' arguments for release pending appeal. The Court determined that release was not warranted, as Defendants had failed to demonstrate that their appeals were likely to result in any of the outcomes required by § 3143(b)(1)(B)(i)-(iv).

In their present Motions for reconsideration, Defendants do not point to an intervening change in law or to any previously unavailable evidence that is now available that would cause the

2

Court to reconsider its prior Orders. Nor do Defendants present information that the Court overlooked and that would cause the Court to reconsider those Orders. Finally, Defendants present no grounds to support a finding of a clear error of law or manifest injustice in the Court's previous Orders. Accordingly, Defendants' Motions for reconsideration are denied.

**II.    28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2241 "generally challenges the *execution* of a federal prisoner's sentence," rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). A § 2241 petition is generally the appropriate vehicle to raise claims arising from "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions . . . and prison conditions." Jiminian, 245 F.3d at 146 (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997).

By contrast, 28 U.S.C. § 2255 is "the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004) (citing Chambers, 106 F.3d at 474). A prisoner challenging the imposition of his sentence may proceed under § 2241 only when § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Adams, 372 F.3d at 135. Section 2255 is inadequate or ineffective only "where a prisoner cannot avail himself of § 2255 and when the failure to obtain collateral review raises serious constitutional questions." Adams, 372 F.3d at 135 (citing Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)). In this context, "serious constitutional questions would arise if a person who can prove his actual innocence on the existing record–and who could not have effectively raised his claim of innocence at an earlier time–had no access to judicial review."

Triestman, 124 F.3d at 363.

Here, Defendants clearly seek to challenge their underlying convictions and the imposition of their sentences, due to alleged improprieties by their trial counsel. However, Defendants argue that the Court has jurisdiction over their § 2241 petitions because it would be improper for the Defendants to file petitions under § 2255 at this time, as their direct appeal is still pending. While "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," most district courts decline to hear a § 2255 petition while a direct appeal is still pending due to "judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002) (citations omitted); see also United States v. Abney, 2007 WL 954732 *1 (W.D.N.Y. Mar. 27, 2007) (dismissing § 2255 petition without prejudice where petitioner's direct appeal was still pending). However, the fact that the Court, for reasons of judicial economy, might not entertain a § 2255 petition due to the pendency of Defendants' direct appeal does not give this Court jurisdiction to hear Defendants' § 2241 motions. Defendants' inability to obtain collateral review of their convictions at this time does not raise serious constitutional questions, as Defendants clearly have access to judicial review–their claims will be addressed in their direct appeal to the Second Circuit.

As Defendants' claims can be adequately presented in their direct appeal, their petitions for habeas relief pursuant to § 2241 are premature. Moreover, Defendants' claims are more properly the subject of a § 2255 petition. Therefore, the Court dismisses Defendants' § 2241 petitions without prejudice to the timely filing of § 2255 petitions following the disposition of their appeal. See Constantine v. Immigration, I.C.E., 454 F. Supp. 2d 164, 166 (S.D.N.Y. 2006).

**III.     FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

To the extent the Defendants move for relief under Rule 60(b) of the Federal Rules of Civil Procedure, their Motions are also denied.  Rule 60(b) is not an appropriate vehicle for a defendant to seek to vacate a criminal conviction.  Rather, Rule 60(b) relates to relief from a civil judgment or order (including, in some circumstances, denial of a petition for a writ of habeas corpus).  See Negron v. United States, 164 Fed. Appx. 158, 158-59 (2d Cir. Jan. 31, 2006); Rittweger v. United States, 2008 WL 5203653, *1 (S.D.N.Y. Dec. 11, 2008).  As Defendants are not herein challenging a civil judgment or denial of a habeas petition, they cannot proceed under Rule 60(b).

**IV.     INTERLOCUTORY APPEAL**

Finally, the Court declines to certify its ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Interlocutory review is designed for exceptional cases only.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996) (citations omitted).  As Defendants' appeals of their convictions are currently pending before the Second Circuit, and the issues raised in their Motions are similar to the issues raised in their direct appeal, interlocutory appeal would not be appropriate at this time.  See Auscape Int'l v. National Geographic Society, 306 F. Supp. 2d 360, 363 (S.D.N.Y. 2004) (denying motion for interlocutory appeal where direct appeals were pending and "disposition of those issues on the direct appeals are likely to be dispositive of the identical and similar issues" for which plaintiffs sought interlocutory appeal).

**V.     CONCLUSION**

Therefore, based on the foregoing, it is hereby

5

**ORDERED**, that Defendants' Motions for reconsideration or for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. Nos. 800, 801) are **DENIED**; and it is further

**ORDERED**, that Defendants' Motions to certify the issues raised in this Order for interlocutory appeal (Dkt. No. 800, 801) are **DENIED**; and it is further

**ORDERED**, that Defendants' Petitions under 28 U.S.C. § 2241 (Dkt. Nos. 800, 801) are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Court's September 4, 2008 and September 10, 2008 Orders (Dkt. Nos. 790, 792) are **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED: December 19, 2008
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge